No. 1894.—P. H. Morgan v. F. Tamiet.

A, in his capacity of lessor, brought suit against B, his lessee, for rent; A afterward brought suit against B to annul the lease and restore the leased premises. B excepted to the latter suit on the ground that the same cause of action was pending in the other suit. Soon after filing this exception of *lis pendens* to the suit to annul the lease, B filed an answer to the suit for rent, setting up a reconventional demand in damages, with a prayer that he be quieted in the possession of the premises leased, and argued on the trial of the exception of *lis pendens* that the issue created by the answer was the same as the demand for possession in the suit to annul the lease.

Held—that B could not urge the pendency of a contestation thus created by himself against *a prior* demand of A.

APPEAL from the Fifth District Court for the parish of Orleans. *Léaumont*, J. *A. & M. Voorhies*, for plaintiff and appellant, *E. Bermudez*, for defendant and appellee.

Howe, J. The plaintiff instituted this action to annul a lease made by public act by and between himself as lessor, and the defendant as lessee, on the ground that the latter has violated its provisions by failing to pay the rent and certain taxes. The prayer of the petition is that the lease be annulled and that the property therein leased be returned to plaintiff and that he be put in possession of the same.

The defendant filed the declinatory exception of *lis pendens*, averring that similar suits involving the same cause of action and demand had been previously instituted, and were still pending in the Second Justice's Court of New Orleans, the Third District Court of New Orleans, and the Fifth District Court for the parish of Orleans. The Court below dismissed the exception, and the cause having been tried on the merits, and judgment having been rendered in favor of plaintiff as prayed for, the defendant has appealed.

The exception was properly discussed. None of the suits mentioned in the exception constituted *lis pendens* as to the controversy now before us. The suit in the Justice's Court was for an amount of taxes alleged to be due by the tenant. The suit in the Third District Court was for rent. In each a judgment for money only was demanded, and

no decree dissolving the lease and restoring the property to the land-lord could have been rendered. The same may be said of the suit pend-ing in the Fifth District Court;. but it is contended by the defendant that, because in the last named suit he filed a plea in reconvention, claiming large damages, and praying "to be quieted in the possession of the leased premises," the plea of *lis pendens* must be maintained as against the suit at bar, which is a suit to recover possession. It ap-pears, however, that the petition of plaintiff thus excepted to was filed October 5, 1868, that the exception of *lis pendens* was filed October 19, 1868, and that the claim in reconvention in the other case, with, the prayer to be quieted in possession, was filed October 28, 1868. If the effect of this claim and prayer was to make an issue identical with that now before us, as the defendant contends, we can conceive that the plaintiff might plead *lis pendens*, but it is difficult to perceive how the defendant can urge the pendency of a contestation thus created by him-self against a *prior* demand of the plaintiff.

In the case before us the plaintiff sues for a different object from any embraced in the other suits we have recited. The distinction between an action for rent, which is in enforcement of the contract to pay it, and leaves the tenant in possession, and an action to dissolve the lease and to recover the property, is plain.

Upon the merits the case is free from doubt. The defendant has failed to pay his rent as it fell due, and as demanded, and the judg-ment was properly rendered in favor of the plaintiff as prayed for.

It is therefore ordered and adjudged that the judgment appealed from be affirmed with costs.

Rehearing refused.