No. 2287.—G. M. BENDER *v.* JAMES T. BELKNAP.

A party is estopped from contradicting in a subsequent action what he has judicially admitted or averred to be true in a previous action between the same parties.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont*, J. *Semmes & Mott*, for plaintiff and appellant. *W. B. Koontz*, for defendant and appellee.

WYLY, J. The plaintiff alleges that in his absence one James F. Ainsley took possession of his plantation, cotton and other property in the parish of Caddo, and on the twenty-seventh of August, 1863, sold to one J. Dryfus fifty bales of said cotton, giving his written obligation to deliver the same to said Dryfus or any holder of said instrument, at Shreveport, when called on so to do, and in the meantime to keep the possession thereof; that at a subsequent period said written contract got into possession of the defendant, who claimed it as his property, and by means thereof succeeded in getting possession of thirty-eight bales about the month of March, 1865, which were worth

at the time $300 per bale. Alleging that said Ainsley was wholly unauthorized to alienate his said property, he prays judgment against the defendant for the value thereof, to wit, $11,000.

The answer is a general denial and the averment that the acts of the defendant in reference to said cotton were as agent for Martin Gordon, Jr., and this he made known to all the parties with whom he dealt. The court decided in favor of the defendant, and the plaintiff appeals.

Our attention is directed to a bill of exceptions taken by the plaintiff to the evidence of certain witnesses admitted by the court to prove that the defendant acted as an agent in regard to the cotton mentioned, and the value thereof claimed in the petition, and that the defendant did not receive any of the proceeds of the said cotton when sold, and never had possession thereof, but that he merely acted as agent or broker for Martin Gordon, Jr. The objection to this testimony was that it contradicted the judicial allegations and sworn averments of the pleadings in the case of James T. Belknap v. G. M. Bender, on the docket of the district court, parish of Caddo, a duly certified copy of which suit had already been offered in evidence by the plaintiff and was then before the court.

We think the court erred in receiving the testimony. The defendant was estopped by matter of record from denying his sworn averments and admissions in the suit which he brought at Shreveport against the defendant for nineteen bales of the cotton which he claimed under the contract between Ainsley and Dryfus. That suit was between the same parties as in this suit, and was to compel Bender to deliver nineteen bales to complete the contract between Ainsley and Dryfus, under which the defendant acknowledged that he received thirty-one bales, and by virtue of which he sought to recover the balance, to wit, nineteen bales. In that suit the defendant, Belknap, claimed to be the owner of the property due under the contract, and acknowledged having received thirty-one bales thereunder, and he averred the cotton was worth $300 per bale. He obtained a writ of sequestration upon his oath that the averments of his petition were true, and he gave a bond as owner of the property. His suit was abandoned subsequently, and dismissed from the docket on the demand of Bender, the defendant therein, the plaintiff in this case.

It is a well settled rule in the administration of justice that a party will not be permitted to deny what he has solemnly acknowledged in a judicial proceeding. The defendant will not be heard to contradict his sworn statement that he received the property in controversy as owner. The only means of courts to protect the integrity of judicial proceedings are the sanctity which the law throws around them, and if all the restraints of justice and truth are lost sight of by litigants, "the law itself meets the emergency by holding the parties to their

allegations of record, and not permitting them to falsify what they have solemnly declared to be the truth." Deuter *v.* Erwin, 5 An. 18; Gridley *v.* Conner, 4 An. 416; Freeman *v.* Savage, 2 An. 269.

We think the plaintiff should have judgment for the value of the thirty-one bales which the defendant acknowledges having received from Ainsley, who was wholly unauthorized to sell the same, the said value being $300 per bale according to the judicial averments of the defendant.

It is therefore ordered that the judgment herein be avoided and annulled, and it is ordered that there be judgment in favor of the plaintiff and against the defendant for $9300, with five per cent. per annum interest thereon from the twenty-seventh of October, 1865, and costs of both courts.