NORTHWESTERN & P. HYPOTHEEK BANK (NORTHWESTERN & P. MORTG. CO.) v. BERRY et al.

(Circuit Court, D. Idaho. September 3, 1897.)

1. MORTGAGE—MISTAKE IN DESCRIPTION—RATIFICATION.

Where, by mistake, a different description of land from that intended was written in a mortgage, but the mortgagors, who were the owners of both tracts, afterwards, with knowledge of the mistake, sold and conveyed the tract intended to be included, such act operated as a ratification upon their part of the mortgage as written.

2. ACKNOWLEDGMENT—SEPARATE EXAMINATION OF WIFE—SUFFICIENCY OF CERTIFICATE.

Under a statute requiring the separate examination of a married woman by the officer taking an acknowledgment, and that the certificate shall be "substantially" in the form prescribed, a certificate which shows clearly that it was the desire and will of the wife to make the conveyance, and that it was done without the exercise of any undue influence of her husband upon her, is sufficient.

This is a suit in equity for the foreclosure of a mortgage.

Forney, Smith & Moore, for complainant.
Sweet & Steele, for defendants.

BEATTY, District Judge.    In the trial of the above-entitled cause two questions were submitted for decision, to which, in the absence of counsel, I will make brief written reference.

It is conceded that, by mistake, the S. E., instead of the S. W., quarter of the N. E. quarter of land was described in the mortgage. It appears that at the time of the execution of the mortgage both tracts of land were the common property of defendants, and that about 14 months thereafter they conveyed, by mortgage to another party, the tract they intended to include in the plaintiff's mortgage. Whether the plaintiff can now foreclose on the tract included by mistake is a question upon which I have received very little assistance by reference to authorities.    Only defendants' counsel cite any, and they are to the effect that mistakes in deeds cannot be reformed as against a married woman, and, if the question here were the reformation of a deed, it probably should be determined in her favor.    But the question is the foreclosure on land which defendants actually owned and could convey, and which, so far as the mortgage shows, they did convey.    It is claimed by defendants that the mistake was discovered in time to correct it, and that they so offered; also, it is claimed by plaintiff that it offered to correct the mistake by a new conveyance, which was refused by defendants.    What the truth is, is not clear, but it is probable that some of such offers of reformation came after defendants had conveyed to other parties the tract which should have been included in plaintiff's mortgage.    By making this latter conveyance, and with full knowledge of the facts, as defendants testify, they had then put it out of their power to correct the mistake made in this mortgage, and also placed it beyond plaintiff's power to obtain the relief to which it was entitled.    I think the act of defendants in making the last conveyance of the land, which they knew should have been conveyed to plaintiff, was an acquiescence in the conveyance which they made, and as made, to plaintiff, and estops them from now disputing it.    It certainly would be most inequitable for defendants to take advantage of an error which was as much theirs as plaintiff's, and especially when subsequently, with full knowledge thereof, they voluntarily do that which placed it beyond the power of either party to correct a mutual mistake of both.    I think the defendants cannot complain if the contract as made is now enforced against them, and especially as they received and used the consideration of the mortgage, and it is so held.

Objection is also made by defendants to the form of the certificate of acknowledgment, and that it is not such a compliance with the statute of Idaho as can bind a married woman.    The certificate, so far as concerns this objection, is "that, at the time and place before mentioned, Missouri Ann Berry, wife of the said F. M. Berry, who is personally known to me to be the identical person who signed and executed the within instrument, who upon examination, separate and

apart from her said husband, after I had made known and fully apprised her of her rights therein and the effect of signing said mortgage, acknowledged to me that she signed and sealed the same freely and voluntarily, and without fear of or coercion from her husband or any one." St. § 2960, says that the certificate "must be substantially in the following form: * * * And upon an examination without the hearing of her husband, I made her acquainted with the contents of the instrument, and thereupon she acknowledged to me that she executed the same and that she does not wish to retract such execution." The statute says that the above form shall be substantially complied with, and while some authorities, notwithstanding the statute, hold that a strict compliance must be had, they do not constitute either the best or the weight of authority, which is clearly in favor of a substantial compliance only. The sole object of the provision of the statute is to protect the wife against any coercion or unwilling conveyance on her part, and any certificate which clearly shows that it was her desire and will to convey, and that it was done without the exercise of any undue influence of her husband upon her, is sufficient. The certificate in the mortgage shows that out of the husband's presence, and beyond his immediate influence, the wife was informed by the officer of the contents of the instrument, and the effect upon her rights of signing the same, and that thereupon she "freely and voluntarily signed and acknowledged it." One objection to the certificate is that the statutory clause, "she does not wish to retract said execution," is omitted, but the effect of this clause is to show that, having executed the instrument, she remains satisfied with her act; that it was her willing and deliberate act, to which she had not been coerced or overpersuaded by her husband. That such was her frame of mind is as fully shown by the clause in the certificate that she then, before the officer, freely and voluntarily signed and acknowledged, as could be by her declaration that she did not wish to retract it. Certainly, if it were then so willingly and freely signed and acknowledged, the presumption follows that she did not, at that time, wish to retract, however much she may have desired to do so at a subsequent period. The certificate is therefore held to show that the wife was not imposed upon, but that she knew fully what she was doing; that she did it of her own uncoerced will; and that the certificate is a substantial compliance with the statute. That such substantial compliance is sufficient has been so often held by different courts, including this court, that it is deemed unnecessary to cite authorities. Judgment for plaintiff as prayed is therefore ordered.