BERRY et ux. v. NORTHWESTERN & P. HYPOTHEEK BANK (NORTH-
WESTERN & P. MORTG. CO.).

(Circuit Court of Appeals, Ninth Circuit.   October 5, 1898.)

No. 440.

1. MORTGAGES—DESCRIPTION—MISTAKE—ESTOPPEL.
   Where a mortgagor owned both the S. E. ¼ and S. W. ¼ of a quarter
   section of land, and the former was inserted, by mistake of the scrivener,
   instead of the latter, and after the mistake was discovered the owner
   mortgaged the S. W. ¼ to another, and took no steps to have the prior
   mortgage reformed, he cannot object to a foreclosure decree directing a
   sale of the S. E. ¼ thereunder.

2. FEDERAL COURTS—STATE COURT DECISION—EFFECT.
   The decision of the highest court of a state construing a state statute,
   and declaring that an acknowledgment by a married woman precisely
   similar, except names and dates, to the one in question, was in substantial
   compliance therewith, and valid, is binding on the federal courts sitting
   in such state.

Appeal from the Circuit Court of the United States for the North-
ern Division of the District of Idaho.

Edgar C. Steele, for appellants.

J. H. Forney, for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge.   The appellants, Franklin M. Berry and M.
A. Berry, his wife, were defendants in the court below to a suit for
the foreclosure of a mortgage.   A decree of foreclosure and sale hav-
ing been rendered against them (89 Fed. 408), they bring the case
here by appeal.   The mortgaged property is described as lot No. 2,
and the S. E. ¼ of the N. E. ¼ and the N. W. ¼ of the S. E. ¼ of sec-
tion 6, in township 41 N., of range 5 W. of Boise meridian, situated
in the county of Latah, state of Idaho, and containing 120.19 acres.
The evidence in the case shows that, by mistake of the scrivener, the
S. E. instead of the S. W. ¼ of the N. E. ¼ of the section of land men-
tioned was described in the mortgage.   Both the S. E. and the S.
W. ¼ of the N. E. ¼ of section 6 were, however, at the time of the
execution of the mortgage, the common property of the appellants.
One of the two points made on their behalf in support of the appeal
is that it was error in the court below to decree a foreclosure and
sale of the 40 acres of land inserted in the mortgage by mistake.
The evidence shows that long prior to the commencement of this
suit the mistake was discovered by the appellants, and that subse-
quent to such discovery they mortgaged to another party the 40-acre
tract which it was intended by the respective parties to include in
the present mortgage, and in lieu of which the S. E. ¼ of the N. E.
¼ of section 6 was inserted.   This fact probably accounts for the
further fact that at no time—not even in the present suit—has there
been any effort on the part of the appellants to reform the mortgage.
This latter fact is a conclusive answer to the first point made on
their behalf.

The only other point made on behalf of the appellants is that the
mortgage is ineffectual, as against Mrs. Berry, because of the cer-

tificate of acknowledgment thereto attached. It is claimed that this certificate fails to conform to the Idaho statute in respect to the acknowledgment of such instruments by married women. By section 2956 of the Revised Statutes of Idaho, it is provided:

"That the acknowledgment of a married woman to an instrument purporting to be executed by her must not be taken unless she is made acquainted by the officer with the contents of the instrument, on an examination without the hearing of her husband; nor certified to unless she thereupon acknowledges to the officer that she executed the instrument, and that she does not wish to retract such execution."

Section 2960 of the same statute provides that:

"The certificate of acknowledgment by a married woman must be substantially in the following form:

"Territory of Idaho, County of ——, ss.:

" 'On this —— day of —— in the year of ——, before me, (here insert the name and quality of the officer,) personally appeared —— known to me (or proved to me on the oath of ——) to be the person whose name is subscribed to the within instrument, described as a married woman; and upon an examination without the hearing of her husband, I made her acquainted with the contents of the instrument, and thereupon she acknowledged to me that she executed the same, and that she does not wish to retract such execution.' "

The certificate of the notary public attached to the mortgage in question is as follows:

"State of Washington, County of Whitman—ss.:

"I, A. A. Kincaid, a notary public in and for said county and state, do hereby certify that on the 23d day of July, 1890, personally appeared before me Franklin M. Berry and M. A. Berry, his wife, to me known to be the individuals described in, and who executed, the within instrument, and acknowledged that they signed and sealed the same as their free and voluntary act and deed, for the uses and purposes therein mentioned. And I further certify that I did fully apprise the said M. A. Berry, wife of the said Franklin M. Berry, of the contents of said instrument, and of her rights thereto, and the effects of signing the same, and that she did then freely and voluntarily, separate and apart from her said husband, sign and acknowledge the said instrument. Given under my hand and official seal this 23d day of July, 1890.

"[N. P. Wash.]                                                        A. A. Kincaid,
                              "Notary Public Residing at Palouse City."

A precisely similar certificate, except as to the names and dates, was held by the supreme court of Idaho to conform to the requirements of the Idaho statute, in the case of Bank v. Rauch, 51 Pac. 764; the court saying:

"The intent and purport of the statute are to protect the rights of a married woman from the dictation or domination of the marital companion. The end sought by the law is not to enable married women, either at the suggestion or dictation of their husbands, to perpetrate a fraud, by seeking to avoid, upon a mere technicality, what was, at the time it was made, a fair and honest transaction, the benefits of which have been received and enjoyed, either directly or indirectly, by the party seeking to avoid it. The statute does not require a literal, but a substantial, compliance therewith. If the certificate shows the acknowledgment to have been the free and voluntary act of the wife, uninfluenced by fear of, or duress by, her husband, and that at the time of making the acknowledgment she was fully advised of the character of the instrument she was executing, and the effect of her act, and such acknowledgment was separate and apart, and without the hearing of her husband, we think the exigency of the law is fully met."

That ruling was adhered to and affirmed by the same court in the subsequent cases of Christensen v. Hollingsworth, 53 Pac. 211, and Jaeckel v. Pease, Id. 399. That the construction of the state statute of Idaho by the highest court of that state in respect to a question of this sort is binding upon the federal courts, is thoroughly well settled. Therefore, without expressing or intimating any views of our own in respect to the conformation of the certificate of acknowledgment of the mortgage in suit to the statute of Idaho, the judgment of the court below is affirmed.