(45 South. 927.)

No. 16,569.

CALDWELL v. NELSON MORRIS & CO.

(March 2, 1908.)

ESTOPPEL.

A litigant, having been sued in the Circuit Court of the United States as a resident of Illinois, and having obtained the benefit of an exception to the effect that he has his domicile in Louisiana, cannot be heard, when sued at such domicile, to plead to the jurisdiction of the state court on the ground that he is domiciled in Illinois.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 19, Estoppel, §§ 165–169.]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

Action by Henry G. Caldwell against Nelson Morris & Co. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Lyle Saxon, for appellant. Merrick & Lewis, Philip Gensler, Jr., and Ralph Jacob Schwarz, for appellees.

### Statement.

MONROE, J. Plaintiff, having brought an action against defendants in the Circuit Court of the United States for the recovery of certain damages said to have been sustained by reason of their conduct, alleged that they were incorporated under the laws of Illinois, and domiciled in Chicago, and he was met with a plea to the jurisdiction reading, in part, as follows, to wit:

"That it is not a company or corporation existing under the laws of the state of Illinois, nor a citizen or inhabitant of the state of Illinois, nor does it reside therein, but that defendant is a commercial copartnership domiciled in Louisiana, as well as in other states, and composed of three members, viz., Nelson Morris, Edward Morris, and Ira Morris. Wherefore, insisting upon its exemption from suit in this court, it prays that this suit be dismissed," etc.

Plaintiff, thereupon acquiescing in the representation so made, brought his suit against defendants in the civil district court, alleging that they are commercial partners, and that their firm is domiciled in New Orleans, in Louisiana, "as well as in other states," and caused citation to be served at their place of business in this city upon their agent and representative there in charge, and he was met with the exception "that there is no one in the jurisdiction of this court authorized to receive service of citation in this cause."

Upon the trial of this exception, it was shown that the place at which the citation was served is the only established place of business which the defendants have in this state, and that the person upon whom the service was made is their manager and sole representative in this city. As a witness on behalf of defendants the person mentioned testified that he had no authority to receive service of citation, and that Nelson Morris & Co. is not domiciled in this parish, though it has a large store here, but that the partners live in Chicago, and that their main place of business is in that city.

From a judgment maintaining the exception and dismissing his action as in case of nonsuit, plaintiff has appealed.

### Opinion.

Defendants having judicially asserted in the United States Court that they are commercial partners, and that their firm is domi-

ciled in Louisiana, and plaintiff, acting upon the faith of their assertion, having brought his action in the state court, accordingly they cannot now be heard to assert the contrary. Civ. Code, art. 2291; Abbott v. Wilbur, 22 La. Ann. 368; Bender v. Belknap, 23 La. Ann. 764; Factors' & Traders' Ins. Co. v. De Blanc et al., 31 La. Ann. 100; State ex rel. Breaux v. Judge, 34 La. Ann. 1220; Folger v. Palmer, 35 La. Ann. 743; Walker v. Walker, 37 La. Ann. 107; Am. & Eng. Enc. of Law (2d Ed.) vol. 11, p. 446; Lumley v. Wabash R. Co. (C. C.) 71 Fed. 21.

Our law requires that a commercial firm shall be cited by service "on any of the partners in person, or at their store or counting house by delivery to their clerk or agent" (Code Prac. art. 198; Hunstock v. His Creditors, 10 La. 489); and the law was complied with in this case.

The death of Nelson Morris having been suggested, the appellant, through his counsel, has obtained the order, and taken the steps provided by Rule 13 of this court (21 South. v) to make proper parties, and to entitle him to proceed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that this case be remanded to the district court to be there proceeded with according to law and to the views expressed in the foregoing opinion, the costs of the appeal to be paid by the appellees, and those of the lower court to await the final judgment.