(49 South. 596.)

No. 17,608.

STATE ex rel. SAINT v. HOUSSIERE–LA-TREILLE OIL CO.

In re SAINT.

(May 10, 1909.)

Mandamus (§ 4*)—When Lies to Courts—Remedy by Appeal.

Relator applies to the Supreme Court to compel by mandamus, under its supervisory power, a trial judge to proceed to try at once a case pending before him. The court is very reluctant to exercise through mandamus its supervisory authority over inferior courts in respect to orders which can be corrected, if erroneous, in some other manner. The order complained of in this proceeding was not absolutely void. It was an order which it was within the power of the judge ad hoc to have himself modified or set aside on direct application made to him to do so. The order was interlocutory in character, subject to correction before final judgment by the court which gave it. Hennen's Dig. p. 330, tit. "Courts in General."

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 9, 11, 14; Dec. Dig. § 4.*]

(Syllabus by the Court.)

Application by the State on the relation of Percy Saint, for writ of mandamus and certiorari to the Houssiere-Latreille Oil Company.

Foster, Milling & Godchaux and Hall & Monroe, for relator. Respondent Judge pro se. Farrar, Jonas, Kruttschnitt & Goldberg, Edward Nicholls Pugh, Story & Pugh, and Henry Darley Smith, for respondent J. Sully Martel.

NICHOLLS, J. In the application made for these writs applicant averred that: On the 4th day of April, 1908, he filed in the Third judicial district court for the parish of St. Mary application asking for a mandamus against the defendant company to force it to issue certain stock certificates. That on the 13th of April an exception of lis pendens and an answer was filed. That the case was taken up, tried, and submitted on the merits. That on May 16, 1908, the district judge rendered an opinion, the minute entry concerning which is as follows:

"'Exception sustained until original case of Percy Saint v. J. Sully Martel is finally passed upon, to which ruling plaintiff reserves a bill of exceptions.'

"That the case afterwards remained upon the docket without being finally decided until the case of Saint v. Martel had been decided by the Supreme Court, and then a motion was made to resubmit the case for a decision upon the merits. That the district court overruled this motion. That a short while thereafter the successor of A. C. Allen, judge, was qualified, and he, having been counsel of the relator, recused himself and appointed Judge W. P. Martin, of the Twentieth judicial district, by consent of all parties, as judge to try the case. That this order rendered by the said Allen, judge, has at all times been treated as a mere suspension of a decision of the merits of the cause until the rendition of the decision in the case of Saint v. Martel, and that, when the said Allen's term ex-

pired and Judge Martin was appointed judge to try the case, there was a written agreement entered into between the said Saint and counsel for defendant, by which it was agreed that the said cause should be set down for trial and tried at a certain time. That the cause was called on that day which was about the 2d of February, 1909, and, a compromise proposition being then under consideration, the case went over without date. That, the said parties failing to compromise, Judge Martin was notified, and he appeared in the parish of St. Mary for the purpose of setting said case down for trial, at which time the defendant herein appeared and filed a pleading setting forth the fact that the case had been compromised and finally disposed of, and asked that it be dismissed. That relator objected to dismissing the case, claiming that same had not been compromised, and that the compromise agreement had not been entered into by all parties, and asked that the so-called exception or motion to dismiss be treated as a defense to the merits and tried with the merits of the cause. That, after hearing the controversy between the parties, Judge Martin rendered a judgment holding that the motion should be referred to the merits, or that the same should be treated as part of the merits in the trial of the case, and notified all parties that he would be present on Monday, April 12, 1909, for the purpose of fixing said cause for trial. That on that day defendant moved for a new trial upon the question as to whether or not its motion to dismiss should be referred to the merits, and, the same being overruled, moved for an appeal to the Supreme Court of the state of Louisiana, and, this being refused, it then notified relator and the judge of said court that it would apply to your honorable court for writs of prohibition, certiorari, and mandamus. That, if the defendant made said application to the honorable Supreme Court, same was refused, as no writ was ever served upon relator or the judge. Whereupon the said W. P. Martin, judge, appeared in the parish of St. Mary on this, the 16th day of April, to try the case, as the same had been set down for trial on this day at the session held on the 12th of April. That, when the case was called for trial, defendant moved for a continuance, and for cause thereof set up the minute entry above referred to, in which the said A. C. Allen, judge, declared that he sustained the exception until the case of Saint v. Martel was disposed of, and continued the case and refused to try the same over the objection and protest of relator. Whereupon relator, after having been refused the right to try the case, or having same fixed at any other time, notified the judge of said court and opposing counsel that he would apply to your honorable Supreme Court for writs of mandamus and certiorari, and has also served written notice upon said judge and counsel for defendant.

"Relator attaches hereto and makes part hereof an abstract of the minutes showing the facts with reference to the various fixings of the case referred to, marked 'Exhibit A,' a copy of the agreement entered into for the fixing of the case on a certain day in February, marked 'Exhibit B,' a copy of the motion for a new trial in said causes, marked 'Exhibit D,' also copy of judgment referring the exception to the merits and marked 'Exhibit E,' also motion to continue said case, marked 'F.'

"Relator shows: That to set down this case and try it is the plain duty of the judge, who has accepted the appointment to try the same. That he has no discretion in said matter, but that it is his peremptory duty under the law to fix for trial and try said cause, and if the course mapped out by said judge is permitted—that is, if he persists in refusing to take any action until a final decision is rendered in the case of Saint v. Martel—then it amounts to an absolute denial of justice, in that it prevents relator from trying and having determined his cause now pending before the honorable district court.

"That his right to set the case for trial and have same tried has been acquiesced in by the defendant, as appears by the agreement fixing the same, the fixing of same, the filing of additional pleadings therein, the trial of same, and the application for new trial, all at the instance of the defendant. He further shows that the said minute entry or order rendered by the said A. C. Allen, judge, if interpreted to mean that the judge or his successor has the authority to suspend the trial of the cause or a decision upon the merits as is herein attempted, then that said order or judgment is an absolute nullity, as the said judgment attempts to prevent relator from having tried and determined his cause, although the same has once been tried upon the merits and submitted, and that any judgment which merely decrees that it will sustain an exception for a certain length of time or until the happening of a certain event, which event depends entirely upon the will of the judge presiding over the court, is an absolute nullity, and should be set aside by an order of your honorable court.

"That the said cause not having been disposed of by the said A. C. Allen during his incumbency in office that, when his successor was qualified, it became necessary to set down for trial and retry the above styled and numbered cause, for the reason that, while the same had been tried and submitted, no decision had been rendered therein during the incumbency of office by the said A. C. Allen, and his successor must try the case de novo.

"Relator therefore shows that in order that justice may be done him, and in order that he may have a speedy trial of the cause, it is necessary that a writ of mandamus issue out of your honorable court directed to W. P. Martin, judge of the Twentieth judicial district court, but acting as judge of the Twenty-Third judicial district, for the trial of this case, to forthwith and without delay set down for trial and try the above styled and numbered cause or to show cause to your honorable Supreme Court on a day to be fixed by your honors why he

does not try the same, and, to the end that the validity of the order continuing the case and refusing to try the same may be finally determined, it is also necessary that writs of certiorari issue out of your honorable court directed to the said Martin, judge, and W. H. Kramer, clerk, commanding him and said clerk to forthwith forward to your honorable court the entire record in the case of State ex rel. Saint v. Houssiere-Latreille Oil Co., and, in the event the said judge does not proceed to try the case without further proceedings, that your honorable court should upon final trial order the said Martin, judge, to proceed without delay to fix for trial the case of the State ex rel. Percy Saint v. Houssiere-Latreille Oil Company, No. 12,213 on the docket of the civil district court of the parish of St. Mary.

"In view of the premises, relator prays that the alternative writ of mandamus do issue out of your honorable Supreme Court commanding the said W. P. Martin, judge, to try the case herein referred to without delay, or show cause on a day to be fixed by your honors why he does not set down for trial and try the same, and, with a view of determining the validity of the order of the said judge continuing the said cause, and refusing to try the same; that a writ of certiorari do issue out of your honorable Supreme Court, directed to the said judge and the clerk of said court, commanding them to forthwith file in your honorable Supreme Court on a day to be fixed by your honor the entire record in said cause. He further prays for all orders and decrees that may be necessary in the premises and for general relief."

The above petition having been considered the following order was issued:

"It is ordered that the respondent judge forward to this court on or before Thursday, the 29th day of April, A. D. 1909, the record of the proceedings had in the case of State ex rel. Percy Saint v. Houssiere-Latreille Oil Company, No. 12,213 of the docket of the Twenty-Third judicial district court, in order that their validity may be inquired into and ascertained.

"He is further commanded to show cause at the same time and place why the writ of mandamus should not issue as prayed. And let the other parties in interest be notified hereof by the clerk of this court."

Under this order, the proceedings referred to have been brought up and for answer to the rule nisi the district judge answers as follows:

"The facts in the petition are substantially correct. Respondent was by consent of all parties appointed judge ad hoc to try this case and try that of Percy Saint v. J. S. Martel, which is now pending in this court on a rule nisi.

"That, after being appointed judge as aforesaid in the said cases, by agreement of counsel both cases were fixed for trial. On the agreed date, to wit, February 2, 1909, respondent went to Franklin for the purpose of trying the said cases, but both parties asked for a delay in order to see whether a compromise could be agreed on. Time was granted by your respondent, and on the following day he was informed that there was no necessity for his remaining in Franklin any longer, because an agreement of compromise had been consummated, and that, upon the signing of the same, a written order would be sent to your respondent to have the said cases discontinued.

"That a few weeks thereafter respondent was notified by plaintiff that the proposed compromise had never been consummated, and respondent was again requested to set the said cases for trial. That thereupon respondent went to Franklin for the purpose of setting the said cases for trial, and was met by a motion filed by the defendant in both cases to have the same declared discontinued, abated, and abandoned on the grounds that the same had been compromised. That the said motion was immediately argued and submitted, and thereafter respondent ordered the said motion referred to the merits, and notified all parties that he would be in Franklin on April 12th, for the purpose of again fixing the said cases for trial. That on April 12th the defendants in both cases moved for a new trial on the motion to have said cases declared discontinued and abandoned. This motion having been overruled, counsel for defendants thereupon moved for an appeal to the Supreme Court.

"Respondent refused to entertain the motions for appeal, and ordered that the cases be set down for trial for April 16, 1909. That thereupon counsel for the defendants notified respondent that they would apply to the Supreme Court for writs of prohibition, certiorari, and mandamus. That application was made for the said writs in the case of Percy Saint v. J. S. Martel, and a rule was issued on respondent in the said cause, but for some reason no application was made for such writs in the present case. For this reason respondent went to Franklin on April 16th to try this case, and it was at this time counsel for defendant invoked the order entered on the minutes by the former district Judge Allen on May 16, 1908, reading as follows: 'Exception sustained until the case of Percy Saint v. J. Sully Martel is finally passed upon.'"

To this ruling a bill of exceptions was reserved by the plaintiff.

"It appears that on April 13, 1908, an exception and answer was filed in this case, and the same was tried upon its merits, and the said order of Judge Allen was thereafter entered upon the minutes on May 16, 1908.

"Upon having his attention called to this order of Judge Allen, respondent refused to set aside said order and adhered to the decision and ruling of Judge Allen. Respondent presumes the said order was entered by Judge Allen because

he was of the opinion that the same issue was presented in the case of Percy Saint v. J. S. Martel as is presented in this case, and that, for this reason, the issue in this case should not be decided until the case of Percy Saint v. J. S. Martel had been 'finally passed upon.'

"But it matters not what may have induced Judge Allen to enter the aforesaid order. The fact remains that the said order was entered upon the minutes of court very nearly a year ago, and the defendant should have at that time applied to the Supreme Court for the relief which he now seeks. Having permitted this order to be entered upon the minutes without protest, save the reservation of a bill of exceptions which does not appear in the record, the said order is now final, and this case must now await a final decision in the case of Percy Saint v. J. S. Martel.

"In his petition to this court the relator would have it appear that order of Judge Allen had reference to an exception then pending in the case of Percy Smith v. J. S. Martel, which was sustained by the lower court, but on appeal was reversed by this honorable court. That such was not the meaning of the said order appears, not only from its wording, but also from the further entry on the minutes showing that after the disposition of the exception in the case of Percy Saint v. Martel by this court a motion was made by relator to have this case resubmitted for a decision upon the merits. This motion was overruled by Judge Allen, and this ruling was likewise acquiesced in by the relator and no relief at that time was asked at the hands of this court. It is true that, by a written agreement, both this case and that of Saint v. Martel was fixed for trial February 2, 1909, but on that date the parties attempted to compromise, and the cases were not tried. This agreement was thereafter at an end, and it in no way affected the order of Judge Allen, there not being any subsequent agreement relative to the trial of the said cases.

"Respondent desires to here state that he has been ready and willing for the past three months to try the said cases, and has made several ineffectual attempts to have counsel agree to fix the cases for trial; that he has made four trips to Franklin with the hope and expectation of trying the said cases, and thereby lost some two weeks time; that in taking this time from his own judicial district, composed of Lafourche and Terrebonne, his dockets became congested, and, as he is now about to open a criminal term of court, it will not now be possible to clear his civil docket before the summer vacation. If, however, this honorable court should hold that the order of Judge Allen improvidently issued, or that same is not now final, then respondent avers his willingness to either decide the case or again try same upon its merits as soon as the legal business in his own district will permit him to do so.

"In view of the premises annexing hereto the record of proceedings had herein, respondent prays that the application of relator be denied and that he be hence dismissed."

Relator in reply to the position taken by the judge ad hoc submits to this court:

First. That this order evidenced by the minute entry is an absolute nullity, and may be ignored by any court passing upon the same.

Second. That if the court should find that the order is not an absolute nullity, and that it cannot be ignored by the judge ad hoc, or your honorable Supreme Court, then that any advantage therein accruing to the defendant has been waived for the following reasons: Because a written agreement was entered into between plaintiff and defendant by which it was agreed that the case should be tried on its merits on February 22, 1909.

Because on the day the case was called for trial it was postponed for the reason that a compromise agreement was pending all by consent of the defendant.

Because, when the case was again set for trial, defendant appeared, filed a motion setting up that the case had been compromised, attached a certain written agreement to his motion, and asked that the case be dismissed upon this ex parte showing.

Because the relator, plaintiff in original suit, then moved that this pleading be referred to the merits, and that both motions were taken up, tried, and considered by the court and a judgment rendered thereon.

Because the defendant then filed a motion for a new trial on the motion, which was considered by the court and overruled, and defendant then asked for an appeal to the Supreme Court, and notified the relator that it would apply for writs of mandamus to coerce the judge in granting the appeal.

The relator in support of the first of these two contentions cites article 335 of the Code of Practice. He maintains that the prerequisites to the validity of an exception of lis pendens are that the two suits existing at the same time must be between the same parties and for the same object. He refers to Ingram v. Richardson, 2 La. Ann. 839; State

v. Kreider, 21 La. Ann. 482; Succession of Brown, 23 La. Ann. 308; Pacific Express Company v. Haven, 41 La. Ann. 811, 6 South. 650; Bank v. Walden, 1 La. Ann. 46; City v. Walker, 23 La. Ann. 803; Morgan v. Tamiet, 21 La. Ann. 266; French v. Landis, 12 Rob. 635.

Quoting the order of the court complained ·of, "Exception sustained until the original case of Saint v. Martel is finally passed upon," he says that order indicated clearly that even when the case should be finally passed upon, there would still be an issue to be decided in the present litigation, and, if unfounded, that plea should not have been in any wise sustained. Even had that plea been well founded, the court's action was without legal sanction or justification; for under the article of the Code of Practice cited, when a well-founded plea of lis pendens is filed, the duty of the court is "to dismiss the suit and decree the plaintiff to pay the costs." Relator contends that the judge erred from whatever point of view it be regarded. If it be said the exception of lis pendens was good, the case must be dismissed. The judge has no jurisdiction, no authority to do anything else with it, and a refusal to proceed is a denial of justice. If the plea be held not good, the case should be proceeded with. In no case had the judge a quo authority to simply refuse to relator a hearing of his case. An order of a judge refusing to grant a hearing in one case until another case shall have been tried and decided is an absolute nullity.

Counsel for the Houssiere-Latreille Company in their brief say that, when the cause was called up for trial on the 16th of April, defendant appeared and filed a motion asking for a continuance of the cause until the suit of Percy Saint v. J. Sully Martel, be finally passed upon in accordance with the judgment of the court rendered on May 16, 1908 (sustaining the exception of defendant which had been filed), averring that that judgment had never been reversed or set aside by new trial or by appeal. On the trial of the application to continue the case, the respondent judge was of the opinion that he was bound by the judgment of his predecessor sustaining the exception, and that he had no right to try the cause in the face of such judgment which the plaintiff had taken no steps to correct in any manner: that, as long as this judgment stood upon the record, he had no right to proceed any further with the cause until the terms of the judgment had been complied with; that it was not claimed on the trial of said motion that the case of Percy Saint v. J. Sully Martel had been finally disposed of by a judgment determining the rights of the parties; that the respondent judge knew of his own knowledge that said cause was still pending and being vigorously litigated between Percy Saint and J. Sully Martel, the subject-matter of the suit being then at issue. in this case in a writ of mandamus against the respondent judge, because in that case he had referred to the merits made by Martel similar to the one filed in the mandamus case. Defendant maintains that the proposition that a judgment on defendant's exception staying the cause was void and was a proceeding unknown to our law is not sound. The court had jurisdiction. The exception filed by defendant was submitted for trial. It was within the power of the court to dismiss it, or to sustain it in whole or in part. The court, acting within its province, concluded that the exception ought to be sustained, not to the extent of dismissing plaintiff's action, but only to the extent of staying the plaintiff's case until a litigation pending in that court was settled. That ruling was based on the conceded fact that in that litigation the plaintiff in this cause was involved in a controversy with J. S. Martel over the ownership of the stock

standing in the name of J. B. Brown, of which stock the plaintiff in this case seeks to compel the Houssiere-Latreille Company to recognize him as owner.

In all cases where justice requires that a cause should remain in abeyance until another cause involving the right of the parties pending in the same court or in another is finally disposed of, a staying order is the proper order to enter and not an order dismissing the cause. Article 94 of the Code of Practice provides for such a stay order in the case where a defendant sued in two courts of concurrent jurisdiction has by answering disabled himself from pleading lis pendens. A stay order is used in all cases where a conflict of jurisdiction might arise between courts of concurrent jurisdiction because of the previous possession of one court of the subject-matter of a litigation renewed in whole or in part of another court.

Defendant cites the case of Ferriday v. Middlesex Banking Company, 118 La. 770, 43 South. 403. He contends that in all cases of this character the proper practice is a motion to stay proceedings until the previous case is disposed of. He cites Gates v. Bucki, 53 Fed. 961, 4 C. C. A. 116; Foley v. Hartley (C. C.) 72 Fed. 570; Merritt v. Steel Barge Co., 79 Fed. 228, 24 C. C. A. 530; Zimmerman v. So Relle, 80 Fed. 417, 25 C. C. A. 518; Ryan v. Seaboard R. R. Co., (C. C.) 89 Fed. 408; Hughes v. Green, 84 Fed. 835, 28 C. C. A. 537; Green v. Underwood, 86 Fed. 427, 30 C. C. A. 162; Rodgers v. Pitt (C. C.) 96 Fed. 668; Bunker Hill v. Shoeshine Mining Co., 109 Fed. 508, 47 C. C. A. 200; William v. Neely, 134 Fed. 15, 67 C. C. A. 171, 69 L. R. A. 232; Central Improvement & Contracting Co. v. Grasser, 119 La. 270, 44 South. 10; Burt v. Casey & Hedges Mfg.· Co., 107 La. 232, 31 South. 667.

He says in the case at bar the court considered the defendants' the equivalent of a motion to stay and treated it as such. If the judgment was erroneous, it can and must be corrected by appeal, and not by mandamus.

On the second proposition urged by relator to the effect that any advantage accruing to the defendant under the order of Judge Allen staying proceedings had been waived by it, he relies upon the following signed agreement on the 18th of January, 1909:

"Twenty-Third Judicial District Court, Parish St. Mary, State of Louisiana.

"Percy Saint v. J. Sully Martel.

"State ex rel. Percy Saint v. Houssiere-Latreille Oil Co.

"Whereas, Judge W. P. Martin, of an adjoining district, has been appointed judge for the trial of the above numbered and styled cases, it is agreed by counsel for plaintiffs and defendant that said causes be and are fixed for trial for February 2, 1909.

"[Signed]      Percy Saint,
                    "Attorney for Plaintiff.
          "Edward N. Pugh,
          "H. D. Smith,
                    "Attorneys for Defendant."

Counsel for relator say:

"It will be noted that this agreement disregards and treats as a nullity Judge Allen's ruling, and that defendant continued to treat said ruling as no longer binding on any party to the record by filing in the case additional pleadings setting forth additional defenses and insisting upon the trial of those pleadings.

"Under these circumstances, it would seem that the final paragraph of article 94 of the Code of Practice is exactly in point, and defendant has apparently waived his exception to lis pendens and the order thereon even if the same were originally good. The article in question reads as follows:

"Code Prac. art. 94: '* * * Nevertheless, if the defendant, instead of claiming to be dismissed, answer in the two actions in the two separate courts, the first judgment rendered by either of them shall be valid and executory against the party cast in the action. * * *'

"This article clearly contemplates that, if the defendant answers even in a case where the exception of lis pendens was good, he shall be compelled to go ahead and try both cases until he gets a final judgment in either one or the other. Under this article it is plain that, if the defendant had begun the trial of this suit, he would have waived any right which he might have held under the order. Surely, then, by agreeing to try, and by setting up additional defenses, and insisting upon their trial, and having asked for a new trial on that motion and being refused, had applied to the Supreme Court

for a writ of mandamus to coerce the appeal, had certainly waived any rights which it might have had under his exception Martel himself disregarded the order and entered into a written stipulation and agreement to try the case."

Relator refers the court to 16 Cyc. 795; to Ledoux v. Lavedan, 52 La. Ann. 311, 27 South. 196; to Hemken v. Farmer, 3 Rob. 155; Abbot v. Wilbur, 22 La. Ann. 368; State v. New Orleans, 106 La. 469, 31 South. 55; Succession of Emonot, 109 La. 359, 33 South. 368; Frellsen v. Strader, 110 La. 877, 34 South. 857; Caldwell v. Morris, 120 ·La. 879, 45 South. 927, 15 L. R. A. (N. S.) 423, 124 Am. St. Rep. 446.

The order which stayed proceedings in the case of Saint v. Houssiere-Latreille Company until the rights of the parties in Saint v. Martel had been finally passed upon was still upon the record as an existing order when the judge ad hoc refused to try the Houssiere-Latreille Case. It had not been set aside or annulled. It was not a void order for want of jurisdiction in the judge to grant it, for both of the cases referred were within his jurisdiction and then pending. The exception taken did not fall under the definition of an exception of lis pendens, but its object sought by it was well understood, and was not illegal. The erroneous designation given to it did not carry as a penalty that it should be held to be an absolute nullity. The order upon the exception could have been subsequently set aside in the case itself in which it was by proper proceedings if conditions should be such as to warrant that being done. The judge ad hoc himself could have been directly applied to for that purpose. So long, however, as that order remained intact, we think the trial judge acted properly in not ignoring it. Counsel urge, however, that that order fell of itself and independently of the action of the court by the conduct of the parties in waiving it.

123 LA.—28

The order left full and free action to the parties in the suit of Saint and Martel to carry the proceedings therein to final adjudication. It was the transfer of the stock by the Houssiere-Latreille Oil Company to Saint, pendente lite, which was stayed. The order to stay was given in its favor as much as it was in the interest of Martel.

We do not think the Houssiere-Latreille Company has waived any of its rights under the order. The utmost that can be said is that that company consented at one time that the issues in both cases should be, on the day fixed, simultaneously passed upon by the court. The agreement to that effect fell through. It cannot by implication be extended through a mandamus proceeding brought in this court under our supervisory jurisdiction. Relator must have recourse to some other remedy for relief.

We are exceedingly reluctant to exercise our supervisory jurisdiction over inferior courts in respect to orders which can be corrected, if erroneous, in some other manner. The order of Judge Allen referred to in these proceedings was one which was within the power of the judge ad hoc himself to have altered or modified or set aside, had relator made direct application to him to do so. It was interlocutory in character subject to correction before judgment in the court which gave the order. If on application to that court to do so it should erroneously adhere to the order, that action could and should be remedied by appeal, not by mandamus under our supervisory jurisdiction. Hennen's Dig. p. 330. We must decline to exercise our supervisory jurisdiction in this case as matters stand. Relators must have recourse to some other remedies.

For the reasons herein assigned, the orders heretofore given in this matter are withdrawn, and relator's application is dismissed at his costs.