No. 9452.

THE STATE EX REL. HENRY BIER VS. E. A. BURKE, TREASURER.

Where a preference in payment has been given by the legislature to the warrants for an appropriation over all warrants upon the general fund or over certain specified warrants thereon, the holders of such preference-warrants are entitled to be paid in accordance with such provision subject to the pre-payment of the Constitutional and the University warrants.

Where the residue of the general fund, after payment of these two classes of warrants, and the payment of those warrants to which legislative preference has been given; is insufficient to pay in full all other appropriations, they must share such residue *pro rata*.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

*A. C. Lewis* and *T. M. Gill* for the Relator, Appellee.

*H. B. Magruder* and *F. L. Richardson* for Intervenor, Appellee.

*M. J. Cunningham*, Attorney General, for Defendant and Appellant.

The opinion of the Court was delivered by

MANNING, J.    The relator is the holder of warrants upon the general fund of 1884 amounting to thirty two thousand five hundred and thirty five dollars, and alleges that there are over one hundred thousand dollars to the credit of that fund in the Treasury out of which his warrants should be paid *pro rata* with all others save the Constitutional warrants and those for the Universities which are entitled to preference. He alleges that the Treasurer has avowed his intention to pay certain warrants in preference to those of relator, and as the appropriations of 1884 exceed the revenues of that year the relator will suffer by such payment.    Among the warrants to which the Treasurer gives preference are those of the Cotton Exposition, and the relator avers that a part of his warrants amounting to six thousand six hundred and eighty three $\frac{30}{100}$ dollars should be paid before those of the Exposition because by the express terms of the Act making the Exposition appropriation the warrants issued thereunder are to be paid after the Constitutional and legislative warrants and the warrants already authorized by law for other purposes, and his warrants to the extent mentioned were then

State ex rel. Bier vs. Treasurer.

authorized by law. He prayed a mandamus to compel the Treasurer to pay his warrants *pro rata* in the manner set out in his petition.

The Treasurer admits that the revenues of 1884 fall short of the appropriations of that year so that all warrants cannot be paid in full, but he insists that certain appropriations are entitled to preference in payment, some because such preference has been expressly given by legislative Act, others because they were made to support institutions recognized as existing by the Constitution or commanded to be established thereby. He instances the Board of Health, the bureau of Agriculture, the Assessors, the Asylums and Hospitals as in the latter class, and the appropriation for the Exposition and for the repairs of the State House as in the first class. He declares his purpose to pay all such warrants *pro rata* and in preference to all other warrants that are not included in these two classes—that is to say, the Constitutional warrants holding the first rank and those for the Universities the second, a third rank will be created which shall include warrants to which a legislative preference has been given and those which in his opinion "can be traced to a constitutional source."

An intervention of the New Orleans National Bank alleges the ownership of thirty five hundred dollars of warrants authorized by an Act of 1882 to be drawn on the general fund of 1884 and directing payment of them by preference over all ordinary warrants. Sess. Acts 1882, p. 181. The intervenor claims preference over all warrants upon that fund except the Constitutional and Universities' warrants and prays that the Treasurer be not authorized to pay warrants as classified by himself nor to pay the relator's as demanded by him. He did not ask or obtain a mandamus to compel the payment of his own in the order claimed for them. His only process is an ordinary citation and in precisely similar pleadings in State *ex rel.* Houston v. Burke, Manning's Unrep. Cas. 350, it was ruled that an intervenor could not be relieved on such process, and as was done in that case we shall dismiss the intervention without prejudice to the future assertion of his rights.

We do not think the respondent is justified in creating a third rank of warrants in which shall be placed those that by his definition are traceable to a constitutional source. Such definition is too vague for practical purposes and, what is more important, is not countenanced by the Constitution nor is it a reasonable or legitimate deduction from our interpretation of that instrument in establishing the two ranks of warrants already mentioned. We held that officers whose salaries are fixed by the Constitution are entitled to be paid in preference to all other appropriations. They are Constitutional appropriations of the

sums named to the purposes named. Collens v. Dubuclet, Manning's Unrep. Cas. 380. We also held that the appropriations for the Universities are entitled to be next paid for the reason, that they are issued under a direct mandate of the Constitution, State *ex rel.* Administrators v. Treasurer, 35 Ann. 457 but we refused any preference to the warrants of the Board of Health, and the reasons assigned in our opinion in that case, not yet reported, apply equally to those of the bureau of Agriculture and others named in the respondent's answer and need not be repeated here. All warrants, except the two classes whose rank has been already settled, are ordinary warrants of the same rank and are entitled to a *pro rata* distribution of the funds upon which they are drawn, unless the legislature expressly gives some a preference over others. When an appropriation has been made which the legislature can constitutionally make and a preference in payment of it over all others or over certain others has been accorded by the Act, we do not conceive that the judiciary can control the legislative will in that regard. We have no disposition to trench upon the domain of the other departments of the government. We interfere with and control their action only when required by the Constitution to which we are all alike subject.

The lower judge gave preference to those warrants of the relator that are prior in date to the Exposition appropriation over that appropriation, and directed that the relator's warrants should share the general fund *pro rata* with others unless a legislative preference had been given some of them, and maintained the intervenor's claim to a preference over all warrants except the Constitutional and Universities' warrants. The judgment is correct save touching the intervention.

It is therefore ordered and decreed that the judgment below in favour of the intervenor be set aside and that his claim is dismissed as in case of non-suit at his costs, and that in all other respects the judgment is affirmed.