(52 South. 560.)

No. 18,005.

COOK & LAURIE CONTRACTING CO. v. DENIS.

(May 9, 1910.  Rehearing Denied June 6, 1910.)

*(Syllabus by the Court.)*

1. ABATEMENT AND REVIVAL (§ 4*)—COSTS—TAXATION—INJUNCTION—LIS PENDENS.

An injunction suit, instituted by the defendant, to prevent the execution of a judgment for costs, taxed on an ex parte rule, does not stop the plaintiff from taking another rule to have these costs taxed.  Where both proceedings are before the same court, lis pendens cannot be pleaded.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 25–38;  Dec. Dig. § 4.*]

2. COSTS (§ 61*)—APPORTIONMENT.

In a suit where the defendant becomes plaintiff in reconvention, and the judgment taxes plaintiff with the costs of the reconventional demand and the defendant with the costs of the main demand, the plaintiff must pay for the testimony necessary to sustain the reconventional demand, while the defendant must pay for the testimony necessary to sustain the main demand.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 272;  Dec. Dig. § 61.*]

Appeal from Civil District Court, Parish of Orleans;  Fred. D. King, Judge.

Suit by the Cook & Laurie Contracting Company against Henry Denis.  Judgment for plaintiff, and defendant appeals.  Affirmed.

See, also, 124 La. 161, 49 South. 1014.

Hall, Monroe & Lemann, for appellant. P. M. Milner, for appellee.

BREAUX, C. J.  Defendant is appellant from a judgment condemning him to pay certain costs.

Plaintiff claimed costs of suit which accrued in a decided case between it and the defendant.

Plaintiff sued the defendant on a building contract for $2,062.37 commission.  It made allegations setting up its claim, and further alleged that under article 7 of the contract in question it was only liable in damages to defendant for delays due to causes within its control, and not for those not within its control, and that the causes of delay were not within its control.

The defendant denied all of plaintiff's allegations.  Further, he assumed the character of plaintiff in reconvention, and alleged that he was induced by plaintiff to enter into the contract upon plaintiff's representations.

The case, referred to above, was decided in the district court.

On appeal to this court, this court amended the judgment appealed from by reducing the amount of the judgment, rendered in the district court, in favor of the defendant, from $1,700 to $1,600, and condemned the defendant to pay the costs of the main demand, and the plaintiff to pay the costs of the reconventional demand.  With this amendment, the court affirmed the judgment of the district court.

As relates to costs: July 2, 1909, counsel for plaintiff wrote to defendant's counsel a letter stating that the balance due by defendant to plaintiff was $687.30, and inviting attention to the judgment of this court condemning the parties to the suit to pay costs as before stated;  also containing the statement:

"As no separation was made in the testimony or in the evidence offered, I have disallowed these costs in toto, as it is impossible to separate the costs of your defense and the costs of your reconventional demand."

Counsel for defendant in reply said that the costs of the main demand consisted only of the initial costs expended in filing the suit;  that there were no costs incurred and no evidence taken on the trial of the main demand, which was for $2,062.32.

On the 7th day of July, 1909, plaintiff filed an ex parte motion, and costs were taxed by the court at $151.81.

On that day the court issued a writ of fieri facias against the defendant, Mr. Denis, for the amount taxed.

The day following the defendant filed a pe-

tition and obtained an injunction; stated and averred that the contracting company, instead of endeavoring to adjust amicably the question of the disputed costs, maliciously and without right obtained a writ of fieri facias, not as originally claimed for $687.30, but for $678.71, with instructions to deduct from that amount petitioner's stenographic fees of $17.-15, leaving an alleged balance of $661.56.

The plaintiff abandoned its ex parte motion to tax costs, the motion just above referred to.

Subsequently plaintiff filed another rule to tax costs to which we will refer later.

The amount should be as follows, is petitioner's contention:

| | |
|---|---|
| Plaintiff's claim................. | $2,062 37 |
| 5% from December 6, 1906, to July 7, 1909...................... | 267 35 |
| Clerk's costs, civil district court..... | 8 35 |
| Clerk's costs of appeal............ | 51 65 |
| Sheriff ..................... | 4 00 |
| Crier ...................... | 1 00 |
| Supreme Court deposit........... | 25 00 |
| Total ................... | $2,419 61 |

From which should be deducted:

| | |
|---|---|
| Judgment on reconventional demand | $1,600 00 |
| 5% from February 6, 1907, to July 7, 1909.................. | 193 15 |
| Clerk's costs.................. | 8 80 |
| Sheriff .................... | 2 00 |
| Stenographer's costs............ | 17 15 |
| | $1,821 50 |
| Balance due plaintiff......... | $598 11 |

Defendant in the original suit, plaintiff in injunction, alleged that he had tendered the amount which plaintiff declined to receive; that the costs had not been fixed by a legal judgment as they were fixed ex parte; that the fixing is null and void.

He claims $500 damages, and asks that the injunction be made perpetual.

The injunction accordingly issued.

Subsequently an amended petition was filed by plaintiff in injunction, averring that the tender of $600, alleged to have been made, which averment was made in error, that no tender was made owing to failure to locate counsel for defendant in injunction proceedings.

On July 15, 1909, plaintiff filed a rule which was duly served on defendant on the 20th day of July, 1909, in which he prayed that costs be taxed in accordance with the judgment of this court.

Defendant in injunction filed a rule to dissolve the injunction on the ground of untruthfulness and the asserted illegality of the affidavit.

This rule was referred to the merits to be tried with the injunction.

This was on October 26, 1909.

On the 29th following of that month, plaintiff in injunction filed an exception to the rule on the ground that the rule tendered an issue alleged in the injunction suit, in which plaintiff has asked for the dissolution of the injunction, "an issue which had already been determined adversely to it in this cause; that these issues cannot be raised by rule, but can only be raised and determined upon a trial upon its merits of said injunction suit."

The contention of plaintiff in injunction was that by deciding the issues presented by rule the district court anticipated the issues in the injunction proceedings.

We will state, in answer to plaintiff's contention just above stated, that the injunction suit, enjoining execution of the judgment, did not have the effect of preventing plaintiff in the original suit from filing a rule to tax costs. There was no pending suit to prevent plaintiff from proceeding by rule to collect costs due by defendant.

The injunction is not before us. Whatever issues it presents, if any, are not to be considered on this appeal.

The defendant alleged that there was lis pendens between the demand to the injunction and that on the rule.

The question has recently been decided in Saint v. Martel (17,981) 52 South. 474,[1] in

[1] Ante, p. 246.

which this court held that the plea of lis pendens does not lie when the suits are pending before the same court. It is only when the suit pleaded as lis pendens lies in another court.

The purpose of the law evidently is to prevent one from suing in two courts, and thus vex the one sued, by separate demands in different courts, and by seeking to obtain separate judgments in two different courts.

This is not the case here. The proceedings are all before the same court and do not come within the article of Code Prac. art. 335, prohibiting suits from being brought "in different courts of competent jurisdiction."

It does seem very clear that, this court having condemned the defendant to pay the costs of the main demand, the plaintiff has a right to whatever costs may be due, and, when a rule is subsequently filed asking that costs be taxed, they ought to be taxed.

There was an issue tendered in the first suit by defendant controverting every item of plaintiff's claim. Whatever evidence was admitted to the end of meeting that issue is chargeable to him.

The judge of the district court wrote an elaborate opinion. In his judgment he taxed the costs as follows:

| | | |
|---|---|---|
| Clerk's costs....................... | $ 26 | 05 |
| Sheriff's costs...................... | 4 | 00 |
| Crier's fee......................... | 1 | 00 |
| Stenographer's costs................. | 38 | 75 |
| Costs of appeal transcript........... | 50 | 00 |
| Binding transcript.................. | 1 | 00 |
| Supreme Court deposit.............. | 25 | 00 |
| Making total of................. | $145 | 80 |

This amount was considerably reduced, as will be shown in a moment.

There is no question about the three last items of the above account.

Learned counsel for defendant inform us in their brief that the said amount is reduced to $60.61; difference between plaintiff and defendant.

In oral argument, plaintiff's counsel referred to that as being the remaining difference between the two; that is, whether that sum is due by plaintiff or by defendant.

The testimony was offered in the first suit before referred to (17,467) without any special mention upon the subject; that is, as to whether it was offered to prove the main or reconventional demand.

The answer did not admit any liability to plaintiff. In addition, the prayer of the answer is, in said suit:

"That plaintiff's demand be rejected at its costs and for judgment in reconvention."

It was necessary for plaintiff in said first suit to introduce evidence to sustain its demand in face of the defense raised and issues presented.

Even had defendant not pleaded in reconvention, under the allegation of his answer to plaintiff's suit, there would have been a suit and necessity for evidence to sustain its demand.

The amount is not disputed. The question is: Who ought to pay the amount of costs before mentioned?

The assertion is made in defendant's brief that all the costs, to wit, $17.25, clerk's costs, and $44.75, stenographer's fee, were incurred in the trial of the reconventional demand.

We cannot agree with that view.

| | | |
|---|---|---|
| The clerk's costs, up to the filing of the papers, amounted to................ | $ 8 | 80 |
| The clerk's costs for filing 50 documents | 15 | 00 |
| Testimony and duplicate.............. | 2 | 10 |
| | $25 | 90 |
| Motion of appeal.................... | | 60 |
| | $26 | 50 |

Whether these documents were filed on the trial or prior to going to trial, they were offered to sustain the main demand. It does not appear conclusively that the purpose in filing them was to defeat defendant's reconventional demand.

Plaintiff, in his petition, in said first suit in which the costs were incurred, alleged, substantially, that no deduction should be

made for demurrage. It had the right to prove that allegation.

Now, as to the amount due the stenographer:

The contention is that the $44.75 (stenographer's fee) were incurred on the trial of the reconventional demand.

There were five witnesses examined for plaintiff, and one of the number was recalled and examined on rebuttal.

Their testimony covers a number of pages of the transcript.

While only two witnesses were examined for defendant.

The testimony of Mr. De Buys, the architect, covers 4 pages of the transcript of 138 pages.

The pages of testimony for which the stenographer had a right to charge were 74.

The defendant in his own behalf was the only other witness for the defense. His testimony covers 10 pages, so that 60 pages of testimony represent the number for which plaintiff is liable and 14 pages for which the defendant is liable.

Seventeen dollars and twenty-five cents of the stenographer's fee were charged to defendant and the balance to plaintiff.

In our opinion, that was a fair apportionment of the costs and charges.

It is not possible with any degree of certainty here to separate the testimony of witnesses and hold that such an amount shall be charged to defendant's reconventional demand and the other to the main demand, particularly as the nonliability for demurrage was alleged by plaintiff, and forms part of the same issue presented by the defendant in the reconventional demand.

We arrived at the conclusion to leave it as it is, as it does substantial justice.

For reasons stated, the judgment is affirmed.

PROVOSTY, J., takes no part, not having heard the argument.