7949

In re,
 Land Developement Co.
of Louisiana, Limited,-
  Praying for possession.

No. 7949

Court of Appeal,

Parish of Orleans.

------------

------------

<u>Dinkelspiel, J.</u>

<u>On motions to dismiss.</u>

Plaintiff, appellee, has moved to dismiss two appelas under one number.

First; that this Court is without jurisdiction <u>ratione materia</u> to hear the two appeals.

Second; that defendant having confessed judgment and admitted his want of interest in the subject matter in dispute, is without right to prosecute an appeal; and finally that the judgment for costs, in this case, against plaintiff and his surety, Purnel M. Milner, for $ 55.25. being below the jurisdictional value of this Court we have no jurisdiction, hence, praying the appeal be dismissed.

Originally this suit involved property valued at over $3.000.. This question came up on its merits before the Honorable, the Supreme Court of this State, and is found in the 145 La. Reports at page 1, and was there disposed of adversely to the appellants.

The Act of the Legislature being Act No. 19 of 1912, and which re-enats Act No. 56 of the Acts of 1904, entitled: "An Act relative to the jurisdiction of the Supreme Court and Courts of Appeal, and to authorize either Court to transfer to the other the record in any case where the appeal was brought up through mistake in the jurisdiction, insead of dismissing the appeal, by authorizing the Supreme Court to transfer to the Court of Appeal in cases that may be erroneously transferred to the Supreme Court by the Court of Appeal, to be proceeded with as if it had never been transferred to the Supreme Court."

In the case of Emile L. Schleider vs. J. Vic Leclerc, Vol. 7 Court of Appeal, page 32, the syllabus reads; "Not only the principal of the mortgage note but also the demand for attorneys fees stipulated therein must be considered whether or not the appeal lies to this Court". And the

337

judgment on motion to dismiss was a transfer of that case
*the Supreme*
to ~~this~~ Court, and citing amongst other decisions, Meyer
vs. Stahr, 35 Ann. p. 57.

Subsequently in the 8 Court of Appeal Reports, p.
97, Dorothea ~~Jaza~~ Jaco and Josephine Jaco Baptiste vs.
Abraham Jaco, the Syllabus reads:-" The test of appellate
jurisdiction in partition proceedings id the value of the
property to be partitioned; and where such value exceeds
$2.000., the appeal should be taken to the Supreme Court".
It was so ordered.

In the 14th. Court of Appeal at page 275, ~~Bitz~~
Blatz Antich vs. John Milhaljevich, the syllabus reads;
"Where the assets to be administered upon by a receiver
or liquidator extends $2.000., in value, an appeal from
a judgment appointing such receiver or liquidator will
lie to the Supreme Court and not to the Court of Appeal."
Citing further Perkins vs. Crystal Ice Co. 119 La. p. 519.
A rule to tax costs and judgment thereon are interlocatory
and form part of the original proceedings. Iron Works vs.
Reuss, 40 La. Ann. 114. Cunnungham vs. Lazarus, 40 Ann. 856.
Cooke & Laurie Co. vs. Denis, 126 La. 413.
                                    in any
The jurisdiction of this Court ~~over the~~ controversy over
the administration of a fund is determined by the amount
of the fund to be administered. State ex. rel. Bellamore
vs. Rambotis, 120 La. p. 152. Succession of Welp, 120 La.
p. 64.. In this case, the amount was $2.000., simple mot-
ion to dismiss was denied, but the principle heretofore
announced was affirmed.

This Court, is therefore clearly without jurisdict-
ion over this appeal which should be taken to the Supreme
Court.

It is therefore, ordered, adjudged and decreed, that
this appeal be transferred to the Supreme Court of Louisana,
upon appellant or his attorney making and filing his affid-

338

-vite that the appeal was not taken for delay and lodging
a transcript of the record in the Supreme Court after this ~within thirty days~
judgment becomes final.