### No. 9561

### First Circuit

---

### LOUISE A. WEEMS v. ABRAHAM H. MOISE, ET AL.

---

(November 2, 1925, Opinion and Decree.)
(November 16, 1925, Rehearing Granted.)

---

(*Syllabus by the Court.*)

1. **Louisiana Digest—Pleading—Par. 62; Damages—Par. 80.**

The allegation in a petition that the defendant has recorded against plaintiff's property a privilege to which he is not entitled discloses a cause of action for damages.

2. **Louisiana Digest—Parties—Par. 11, 12.**

He who commits an illegal act and he who assists him in so doing are both liable in damages in solido, and are properly joined as defendants in one suit.

3. **Louisiana Digest—Pleading—Par. 67.**

An exception of "Lis Pendens" has no legal basis to rest upon when predicated upon the pendency of a prior suit in the same court as that on which it is pleaded.

### ON A REHEARING

4. **Louisiana Digest—Pleading—Par. 67; Reconvention—Par. 17.**

Under Art. 95 of the Code of Practice, as amended by Act 62 of 1918, an exception of lis pendens is properly urged when predicated upon the pendency of a prior suit based upon the same cause of action and filed in the same court as that in which the exception is pleaded. But such a plea is untenable when directed against a reconventional demand made in the first suit, and there filed long subsequent to the exception as pleaded in the second suit.

Appeal from Civil District Court, Hon. Porter Parker, Judge.

This is a damage suit for illegally recording in the mortgage office an illegal privilege and notice of a suit. There were two suits filed against two defendants. Exceptions no cause of action, misjoinder of parties, and lis pendens were filed by the defendants. There was judgment maintaining the exceptions and dismissing plaintiff's suit. Plaintiff appealed.

Judgment reversed and case remanded for trial upon the merits and suits cumulated consolidated for trial.

Hiddleston Kenner, of New Orleans, attorney for plaintiff, appellant.

John Wagner, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a damage suit for illegally recording in the mortgage office an illegal privilege and notice of a suit.

The plaintiff alleged that she was the owner of two lots of ground in this City; that in May, 1919, she instructed the defendant to prepare plans and specifications for a building of a certain character that would not cost more than a certain sum;

that the defendant delivered to her plans and specifications not at all in accordance with the instructions which plaintiff had given him and such as would require a very much larger price to build than that contemplated by her; that she refused to accept said plans and specifications and did not make use of any of them and did not erect any buildings upon said lots; that on July 23, 1919, the defendant recorded in the mortgage office an alleged privilege against plaintiff's two lots based upon a contract between plaintiff and defendant employing his services as an architect; that in December, 1922, the defendant recorded in the mortgage office a written notice that he had filed suit against the plaintiff on his claim against her for compensation for his services as architect under the alleged contract, and to enforce the privilege he claimed in his favor; that on January 6, 1923, plaintiff was notified that the defendant Moise had transferred all his rights in said suit, and all his rights in the alleged privilege to Charles A. Venus; that in November, 1922, Mrs. Munholland agreed to purchase said two lots for $3554 cash; that the certificate from the mortgage office showed the recordation against said two lots of the alleged privilege and also the notice of the suit filed by Moise and the assignment to Venus; that by reason of said two inscriptions and the refusal of Moise and Venus to cancel them, the said Mrs. Munholland refused to accept the title to said two lots or to pay the purchase price; that by reason also of said two inscriptions plaintiff has been unable to offer for sale her two lots or to find a purchaser for the same for the reason that said two inscriptions operate as a cloud upon her title; that the recording of said alleged privilege and notice of suit, and the refusal to cancel the same are entirely without warrant of law and that in so doing the defendants were actuated by malice and an intent to injure plaintiff;

that the action of the defendants has caused plaintiff damage in the manner following: that in negotiating the sale of her lots she employed a broker and was obliged to pay him $125.65, that the mortgage and conveyance and tax certificates cost her $10; that she suffered mental anguish to the extent of $250; and that she was deprived of profits she would have made from the sale of $250. She claims $635 damages in solido against Moise and Venus.

Moise excepted to the petition: "First, because same shows no right or cause of action; and further excepts that there is a misjoinder of parties herein; and further pleads lis pendens"; and he prays that these exceptions be maintained and that the suit be dismissed.

Defendant Venus, *mutato mutandis*, filed the same exceptions.

There was judgment maintaining the exceptions and dismissing plaintiff's suit.

I.

If dedendant, Moise's, claim entitled him to no privilege, and his suit to enforce that claim, conferred upon him no privilege, as alleged by plaintiff, then his act in recording the privilege and suit was unauthorized by law and consequently illegal. When his co-defendant acquired Moise's claim and suit and asserted his right to a privilege and to the two inscriptions and refused to cancel them, he also committed an illegal act or at least assisted in so doing. C. C. 2324.

If it is true, as alleged, and which for the purpose of the exception we must assume to be true, that, by reason of these two inscriptions, a purchaser of the plaintiff refused to accept title and to pass the act of sale to the lots, these defendants have injured plaintiff, and to repair said injury plaintiff has an action in damages against defendant.

The petition therefore does proclaim aloud a right and a cause of action in the plaintiff.

## II

Those who join in committing an illegal act are liable in solido and are properly joined as defendants. C. C. 2324, Planters vs. Monroe, 52 A. 1243.

In Cline vs. Rrd., 41 La. Ann. 1040, 6 South. 851, it was said:

"It (the liability) is founded on fault * * * and constitutes the act an offense, or quasi offense, and the obligation of participants solidary. In all such cases the right of the plaintiff to join in one suit, all parties to the reprobated act, may be regarded as elementary," and on p. 1041:

"All of these cases serve to show why the policy of the law should be in favor of permitting the joinder of all parties in one suit who are charged with participation in an offense or quasi offense, whereby damage results, and whose obligations are averred to be in solido, reserving their rights to sever on the trial." .

## III

In order to plead Lis Pendens "the second suit must be brought before two separate courts" C. P. 94, 335 22.

In Saint vs. Martel, 126 La. 245, the court said:

"An exception of 'Lis Pendens' has no legal basis to rest on, when predicated upon the pendency of a suit in the same court as that in which is pleaded. The prohibition is against the bringing of the same action 'before two separate courts' of 'concurrent jurisdiction'. Quoting Bogart vs. Jean. Bte. Rils, 8 La. Ann. 55; State ex rel. Bier vs. Burke, 37 La. Ann. 435; Thompson & Co. vs. Gosserand, 131 La. 1056, 60 South. 682; Cook & Laurie Contracting Co. vs. Denis, 126 La. 413, 52 South. 560.

The two suits in this case were both pending in the Civil District Court for the Parish of Orleans. Though composed of several "Divisions", all the divisions together compose only one and the same court. Byrnes vs. Id., 115 La. 275, 38 South. 991; Black & Sons vs. Marks, 47 La. Ann. 107, 16 South. 649.

Therefore a suit filed in the Civil District Court for the Parish of Orleans and allotted to one division cannot be the basis of the plea of Lis Pendens in a subsequent suit filed in the same Civil District Court, though allotted to another division.

Nor can the subsequent suit be "dismissed" as was done in this case. It is only when the subsequent suit is filed, in the language of C. P. 94,335, "in a separate court" that the defendant is entitled to have the suit "dismissed".

When the subsequent suit is filed in the same court, the only relief to which the defendant is entitled is to have the suit "stayed" or "cumulated" with the first suit. In the case, Saint vs. Martel, 126 La. 252, the court quoted with approval the language in Bogart vs. Rills, 8 La. Ann. 55:

"It is not, strictly speaking, a new action, rather a branch of the old, and ought to have been cumulated with it. The class of exception which prohibits two suits being brought before different tribunals, for the same cause of action, the parties being the same (see C. P. 355 S. 2) was obviously framed to shield defendants from the harassing effects of a multiplicity of suits before different tribunals, for the same cause of action by the same plaintiffs. But we cannot understand it to mean that a party is precluded from filing additional or supplemental petitions necessary, as in this case, for the preservation of what he may deem his rights, during the pendency of the original action and to which he is forced by the act of the defendant himself. The petition in the present case, to be sure does not pray that it may be cumulated with the prior suit, but that, we consider does not impair the right of the plaintiff to have the conservatory order granted and damages allowed. Upon due proof, the court might ex-officio, have ordered the two to be cumulated without prejudice to the interest of the parties litigant, and we shall leave it to its discretion, and so it might have been said in the instant case

If the plaintiff in this case had been denied the right to assert the claim in the present suit he might have lost his rights to relief by the prescription of one year.

In the case of State ex rel. Saint vs. Houssiere, 123 La. 853, the court said on p. 863:

"In all cases where justice requires that a cause should remain in abeyance until another cause involving the right of the parties pending in the same court or in another is finally disposed of, a staying order is the proper order to enter and not an order dismissing the cause, Article 94 of the Code of Practice provides for such a stay order in the case where a defendant sued in two courts of concurrent jurisdiction has by answering disabled himself from pleading lis pendens.

"A stay order is used in all cases where a conflict of jurisdiction might arise between courts of concurrent jurisdiction because of the previous possession of one court of the subject matter of a litigation renewed in whole or in part of another court."

We think the ends of justice will be best subserved by cumulating this suit with the prior one between the same parties.

It is therefore ordered that the judgment herein be reversed and annulled, and it is now ordered that this case be remanded for trial upon the merits and that it be cumulated and consolidated with and be tried at the same time as the case of Abraham H. Moise vs. Louise A. Weems, No. 129,013 of the Civil District Court for the Parish of Orleans, Division "C"; the costs of the district court to await the final judgment in those two cases consolidated and the costs of appeal to be paid by the two defendants herein, Abraham H. Moise and Charles A. Venus in solido.

Judgment reversed.

---

ON REHEARING

BELL, J.    In the judgment rendered in this matter, by this court, on November 2, 1925, the judgment of the trial court maintaining the exception of lis pendens and dismissing the suit was reversed and set aside upon the ruling made in Saint vs. Martel, 126 La. 245, and other authorities

cited by us, to the effect that "an exception of lis pendens has no legal basis to rest on, when predicated upon the pendency of a suit in the same court as that in which it is pleaded. The prohibition is against the bringing of the same cause 'before two separate courts' of 'concurrent jurisdiction'."

Such was the law consonant with the provisions of Art. 94 of the Code of Practice as it then read. However, our attention had not been called at the previous hearing of this case, nor had we then considered the present provisions of Art. 94, as amended by Act 62 of 1918, in the light of which amendment the ruling in the case of Saint vs. Martel can no longer obtain. Under the amended Article, an exception of lis pendens is now well pleaded where a plaintiff urges the same cause of action in two separate suits brought before the same or separate courts. Despite the above rule of procedure, we adhere to our former judgment regarding the aforesaid exception for additional and different reasons, however, than those previously assigned.

At the rehearing of this case, by agreement of all parties, the record in the case of Moise vs. Weems, No. 129,013 of the Docket of the Civil District Court for the Parish of Orleans, was filed in this court and made part of the record in the instant case now on appeal. It appears from the record now offered that Moise, one of the defendants in the case now on appeal, filed suit on October 23, 1919, against Miss Louise A. Weems, the present appellant, claiming certain fees due him as architect under contract of employment. To this suit upon contract, Miss Weems pleaded, on November 19, 1919, certain exceptions, which were not considered by the trial court until June 18, 1924, and which were then referred to the merits. On July 10, 1924, Miss Weems filed an answer coupled with a demand in reconvention for damages which she claimed had been suffered

by her because of the illegal recordation by Moise of an alleged lien, and because of further recordation of notice that he, Moise, had filed suit against Miss Weems upon the aforesaid contract.

The suit now on appeal was instituted on June 12, 1923; it involves an action *ex delicto*, predicated upon the same cause of action and the same averments as pleaded in the reconventional demand filed by appellant in the suit of Moise against Weems. On June 30, 1923, Moise filed the exception of lis pendens now under consideration.

It is evident from the chronological dates above narrated that the reconventional demand in the first suit was not filed until nearly two years subsequent to the filing of the exception of lis pendens in the second or present suit. The argument of counsel for defendant and appellee that the exception was directed against the reconventional demand in the first suit, is therefore untenable.

In any event, the first action is one *ex contractu*, while the second is one *ex delicto*. The two suits do not present the same cause of action, nor is the respective plaintiff and defendant in each suit the same plaintiff and defendant in both suits. No such situation is contemplated by Arts. 94 and 335, Par. 2, of the Code of Practice.

We think now, as previously, that the ends of justice will be best subserved by cumulating this suit with the prior one between the same parties.

It is therefore ordered that the original judgment of this court be reinstated as the final judgment in this matter.