No. 3265.—SUCCESSION OF JAMES N. BROWN, deceased.

The sale of succession property by the testamentary executor, to pay particular legacies, debts, costs, charges of administering, etc., is not inconsistent with the prosecution of a suit for a partition of the succession among the heirs. In the former case the executor has the right to cause the property to be sold to pay the particular legacies, etc., while in the latter the heirs have the right to the action of partition among themselves. Both proceedings may, therefore, be carried on at the same time, without the one being regarded as *lis pendens* with reference to the other.

APPEAL from the Parish Court of Iberville. *Adonis Petit,* Parish Judge. *Samuel Mathews,* for plaintiffs and appellees. *Barrow & Pope* and *William B. Robertson,* for defendants and appellants.

HOWELL, J. Mrs. Feltus, one of the heirs of James N. Brown, who died in 1859, brought suit in November, 1869, against her coheirs for a partition of all the property of the succession, situated in several parishes, and asked that a sale thereof be made to effect the same. To this the defendants and coheirs excepted that a suit for a partition can not be entertained while the estate is under administration by the dative testamentary executor.

In October, 1870, and before the above exception was filed, the dative executor presented an account of his administration and a prayer for its homologation and the sale of a plantation and movables in Iberville to pay a special legacy of $50,000 to one of the heirs, and certain expenses, lawyers' fees, commissions, etc., amounting to about $20,000. To the account, Mrs. Feltus filed oppositions, and to the prayer for the sale of said plantation and movables thereon she pleaded the exception of *lis pendens*, and alleged that this proceeding of the executor is illegal, and if sustained will render several partitions necessary, which can be closed and settled by one. The plea of *lis pendens* was maintained, and the dative testamentary executor appealed.

The judge, in our opinion, erred. The two suits or proceedings are not between the same parties. The executor is not a party to the suit for a partition; and besides he has the legal right to apply for the sale of property to pay particular legacies and debts, and the heirs can only arrest the sale for such purpose by advancing the money necessary to make the payments and complying with article 1012, or, perhaps, by showing that the payments should not be made. C. C. 1668, 1670, 1671. The objections urged by Mrs. Feltus are, therefore, not sufficient to arrest the sale asked for by the dative executor, whose duty it is to carry out the provisions and directions of the will, and settle the estate.

It is therefore ordered that the judgment appealed from be reversed, and that an order issue for the sale of the property as prayed for by the dative testamentary executor. Costs of this proceeding, in both courts, to be paid by appellee.

## On Application for Rehearing

HOWELL, J. Mrs. Feltus asks for a rehearing upon the ground that the court erred in deciding the merits, when only the exception of *lis pendens* was presented, there being no answer in the case. The question was, did the court *a qua* err in refusing to grant the order of sale asked for by the dative executor, and we regarded the pleas and objections urged against the granting of it simply as an opposition to the application, and, according to the rules of practice, it was the duty of the party making the opposition to present all the grounds thereof at once, and not to protract litigation by setting up grounds of defense *seriatim*.

The issue in this case was made up by the opposition (styled exception) to the prayer for a sale. The oppositions to the account appear not to have been tried.

Rehearing refused.