177 So. 62

Succession of PRIMA.

In re KONZELMAN et al.

No. 34589.

Nov. 2, 1937.

James G. Schillin, of New Orleans, for relators.

John A. Woodville, of New Orleans, for respondent.

O'NIELL, Chief Justice.

Mrs. Rosalie Giarraputo Prima, a widow, died in New Orleans last March, leaving two daughters, namely, Mrs. Lena Konzelman and Mrs. Pauline Stankewitz, and a son, named Frank Prima, also called Frank Stellona. The deceased left a will, appointing Mrs. Konzelman executrix and bequeathing to her a house and lot appraised at $2,500, and bequeathing to Mrs. Stankewitz and Frank Prima a house and lot appraised at $3,000. The inventory of the estate showed a gross value of $6,813.54. In due course the executrix filed a provisional account showing debts amounting to $1,575.-89, and only $498.18 of cash on hand. The account, being unopposed, was homologated. Thereafter the executrix obtained a rule on Frank Prima to show cause why he should not advance his third of the amount needed to pay the debts, or suffer his interest in the property to be sold at public auction by the executrix to pay his third of the debts. In her petition the executrix averred that she and Mrs. Stankewitz were ready and willing to advance their share of the debts, but that Frank Prima refused to advance his share. After hearing the rule the judge dismissed it; and Mrs. Konzelman brought this proceeding for a writ of mandamus to compel the judge to order Frank Prima either to advance his third of the debts of the succession, or to suffer his interest in the estate to be sold to satisfy his third of the debts. Mrs. Konzelman avers that the judge "suggested," in dismissing the rule, that he might have to order all of the property sold to pay the debts of the succession; hence Mrs. Konzelman asks for a writ of prohibition to forbid the judge to order all of the property sold. Mrs. Stankewitz afterwards joined in the petition of Mrs. Kon-

zelman for writs of certiorari, prohibition, and mandamus.

The judge, in response to the rule to show cause why the relief prayed for by Mrs. Konzelman and Mrs. Stankewitz should not be granted, says that he has not decided to order a sale of all of the property of the succession, or any part of it; and hence that there is no occasion for the demand of the relators for a writ of prohibition. The judge says that the reason why he refused to order Frank Prima either to advance a third of the amount of the debts of the succession or to suffer his interest in the estate to be sold to pay a third of the debts is that he, the judge, found no authority in law for the granting of such an order. We are not aware of any authority in the Civil Code, or in the jurisprudence, for a probate judge to order one of two or more heirs to either advance his proportion of the debts of the succession or suffer his interest in the estate to be sold to satisfy his proportion of the debts. The most pertinent article of the Code is article 1668, which provides that if a succession has not sufficient funds to pay the debts and the legacies of sums of money, the executor may obtain authority from the judge to sell the movable property, or, if it be insufficient, to sell enough of the immovable property to pay the debts and legacies. In the Succession of Brown, 23 La.Ann. 308, 309, the court, construing this article of the Code, said that the only means by which the heirs could prevent an executor from making such a sale was "by advancing the money necessary to make the payments," or perhaps by showing that the payments should not be made.

There was no suggestion that the one heir who was complaining in that case could prevent the sale of her interest in the estate by advancing her portion of the debts of the succession.

Conceding, however, for the sake of argument, that a case might arise where one or more of the heirs to a succession might, by offering to advance his or their portion of the debts of the succession, compel the other heir or heirs to advance the remainder of the debts, or to suffer his or their interest in the estate to be sold in satisfaction thereof, it does not appear that this is a case where it is the duty of the judge to grant such an order. Hence the case is not one in which the relators may enforce their demand by mandamus. If they are aggrieved by the decision which they are complaining of, and have a remedy, it is by way of an appeal from the decision.

The relief prayed for by the relators is denied, and their petition is dismissed at their cost.

HIGGINS, J., takes no part.